# EXHIBIT C

**VIRGINIA SURETY COMPANY, INC.**
175 West Jackson
Chicago, IL   60604

**CONTRACTUAL LIABILITY INSURANCE POLICY**
**FOR DESIGNATED CONTRACTS**

**DECLARATION**

POLICY NO.: **10136**

INSURED: **United Service Contract Group, LLC** (The "Insured")

BUSINESS ADDRESS:  **17 Broad Street, Red Bank, NJ 07701**

COVERAGE:  Loss under Designated Contracts, subject to Policy terms and conditions.

EFFECTIVE DATE: **January 1, 2017** Time:  12:01 A.M. at the above business address of the Insured (the "Effective Date").

EXPIRATION DATE:  Each twelve (12) month anniversary of the Effective Date at 12:01 A.M. at the above business address of the Insured (the "Expiration Date).

A.  **INSURING AGREEMENT**

In consideration of the payment of the Policy premium and subject to all of the terms and conditions of this Policy, Virginia Surety Company, Inc., an Illinois insurance corporation (the "Company"), agrees to reimburse the Insured for Loss.  Reimbursements of Loss shall be paid directly to or on behalf of the Insured.  The Company shall not have any duty to defend the Insured in any lawsuit or other judicial or administrative proceeding involving the Insured.

B.  **TERM**

This Policy is effective on the Effective Date.  This Policy shall automatically renew for successive twelve (12) month periods (each twelve (12) month period commencing on an Expiration Date, an "Annual Term"), unless and until canceled or nonrenewed as provided herein.

C.  **DEFINITIONS**

    (1) CLAIM:  "Claim" means a claim for performance of a Contractual Obligation.

    (2) COMPANY ENTITY:   "Company Entity" means the Company or its authorized representative.

    (3) CONTRACT HOLDER:  "Contract Holder" means the original purchaser of a Designated Contract or a natural person to whom the Designated Contract has been transferred in accordance with its terms and conditions.

    (4) CONTRACTUAL OBLIGATION: "Contractual Obligation" means the Insured's obligations to perform its contractually agreed duties under a Designated Contract in accordance with and subject to the expressly stated terms and conditions of such Designated Contract.

    (5) DESIGNATED CONTRACT:  "Designated Contract" means a contract (a) which has an effective date during the term of this Policy, (b) which is issued by the Insured in accordance with such contract's terms and conditions, and the terms and conditions of any agreement of the Insured with the Company Entity authorizing the Insured to sell such Designated Contract, and (c) for which the Insured has fully and timely paid the proper Policy premium to the Company Entity.

    (6) LOSS:  "Loss" means those Claim costs actually, reasonably, and necessarily incurred by or on behalf of the Insured to perform a Contractual Obligation in accordance with the Company Entity's authorization, except that Loss shall not exceed any liability limit provided under the Designated Contract giving rise to such Contractual Obligation.

    (7) POLICY:  "Policy" is this Contractual Liability Insurance Policy for Designated Contracts as furnished by the Company to the Insured.

    (8) PREMIUM:  "Premium" means the Policy premium payable for Policy coverage of a Designated Contract.

D.  **EXCLUSIONS**

This Policy does not apply to any of the following, or to any liability or obligation arising in connection with any of the following:

    (1) Any liability, cost, expense, damage, charge, assessment, exposure, or detriment of any description other than Loss;

    (2) Any warranty, representation, promise, covenant, commitment, guarantee, or other duty or obligation except a Contractual Obligation;

    (3) Any and all special, incidental, direct, indirect, consequential, exemplary, extra contractual, or punitive damages or liabilities of any description whatever including without limitation that which arise from any act or omission by a Contract Holder, the Insured, a repairer, or any agent, employee, officer, director, independent contractor, customer, or invitee of a Contract Holder, the Insured, or a repairer;

(4) Any implied warranty of merchantability or fitness;

(5) Any negligence, gross negligence, misrepresentation, willful or intentional misconduct, strict liability, or any fraudulent, dishonest or criminal act;

(6) The sale of a product or other good or any part or component of a product or other good;

(7) Any defense of the Insured or others in any lawsuit or other judicial, administrative, or other proceeding; or

(8) Any service action or recall of any description by a manufacturer, a dealer, or any other person or entity whether voluntary or involuntary and regardless of why made or when authorized or conducted.

**E. CONDITIONS**

(1) SALE OF DESIGNATED CONTRACT: The Insured shall report to the Company Entity the sale of each Designated Contract within that time period provided by the Company Entity. In making such report the Insured shall use forms that may be provided by the Company, and with each such report deliver to the Company or Company Entity the proper Policy premium. The Company Entity may invoice the Insured for Premium payments.

(2) NOTICE OF CLAIM: The Insured shall notify the Company Entity of each Claim, and supply particulars of such Claim. The Insured shall make such notification prior to undertaking any performance of a Contractual Obligation. The Company may reject any Claim if not notified of such Claim as provided above within ninety (90) days after such Claim first arose if the Company was prejudiced by the Insured's failure to make notification within such time period, unless the Insured shows that it was not possible to give notice within such time period and that notice of such Claim was given as soon as reasonably practicable.

(3) PRIOR AUTHORIZATION: The Insured shall not undertake any performance of a Contractual Obligation without first receiving authorization to perform from the Company Entity, and without first giving the Company proper notice of the Claim pursuant to which such performance is contemplated. The Company shall have no liability or obligation whatever to pay any reimbursement to or on behalf of the Insured for any Loss if the authorization required above is not first granted by the Company Entity.

(4) INSPECTION AND AUDIT: The Company Entity at any reasonable time can visit the Insured's premises and inspect, audit, and copy the books and records maintained by or for the Insured as they pertain to any coverage under this Policy. Such rights shall exist so long as any Designated Contracts are in force and in effect plus two (2) years. No exercise of the foregoing rights shall constitute an undertaking by the Company Entity, on behalf of or for the benefit of the Insured or others, to determine or warrant that any property, premises, procedures, actions, or operations are safe or healthful, or are in compliance with any law, rule or regulation.

(5) BANKRUPTCY OR INSOLVENCY:  Bankruptcy or insolvency of the Insured or of the Insured's estate shall not relieve the Company of any of its obligations under this Policy.

(6) EXAMINATION:  The Insured and its shareholders, officers, directors, employees, agents, and independent contractors shall submit to examination under oath by any person named by the Company Entity and subscribe to the same, as often as may reasonably be required by the Company Entity.

(7) COMPLIANCE:  The Insured shall comply with all terms and conditions of this Policy, any agreement with the Company Entity authorizing the Insured to sell Designated Contracts, and all applicable laws, rules, and regulations.  No action shall lie against the Company unless, as a condition precedent thereto there shall have been full compliance by the Insured with all of the terms of this Policy.

**F. CANCELLATION**

This Policy may be canceled as follows:

(1) The Insured can cancel this Policy at any time by written notice to the Company but the effective date of cancellation shall not be before the date such cancellation notice is delivered to the Company.

(2) The Company can cancel this Policy during the first sixty (60) days of an Annual Term by mailing to the Insured a notice of cancellation at least thirty (30) days prior to the effective date of cancellation except that the Company can also cancel this Policy during such time period for nonpayment of Premium by mailing the Insured a notice of cancellation at least ten (10) days prior to the effective date of cancellation.  After such sixty (60) day period has elapsed, the Company may cancel this Policy by mailing a cancellation notice to the Insured at least ten (10) days prior to the cancellation date for cancellations due to any of the following reasons:

   (a) Nonpayment of Premium;

   (b) The Insured induced issuance of the Policy through a material misrepresentation;

   (c) The Insured violated any of the terms and conditions of this Policy;

   (d) The underlying Policy risk insured has measurably increased;

   (e) A determination by a governmental authority that the continuation of the Policy could place the Company in violation of insurance laws.

**G. NONRENEWAL AND RENEWAL**

The Company may nonrenew this Policy effective on the Expiration Date by mailing a notice of nonrenewal to the Insured at least thirty (30) days in advance of such Expiration Date.  Renewal of this Policy does not constitute a waiver or estoppel with respect to grounds for cancellation which existed on or before the effective date of such renewal.

**H. EFFECT OF CANCELLATION OR NONRENEWAL**

(1) Any Designated Contracts having effective dates prior to the cancellation date or nonrenewal date of this Policy will be subject to and covered by this Policy notwithstanding such Policy cancellation or nonrenewal. Any Designated Contracts sold, issued, or having effective dates on or after the cancellation date or nonrenewal date of this Policy shall not be subject to this Policy or covered by this Policy, anything to the contrary notwithstanding.

(2) The Insured in accordance with Section E. (1) above shall pay to the Company Entity the Premium for each Designated Contract. In the event of Designated Contract cancellation the Insured shall refund to the Contract Holder the amount, if any, required by the terms of the canceled Designated Contract. The Company Entity will refund or credit to the Insured a portion of the Premium paid for such canceled Designated Contract as calculated by the Company Entity.

**I. GENERAL PROVISIONS**

(1) DECLARATIONS: By acceptance of this Policy, the Insured warrants, represents, and covenants to the Company that the statements in the Declaration are true, complete, and correct in all respects, and that the Insured possesses and will maintain in full force and effect any and all licenses necessary for the sale and issuance of Designated Contracts.

(2) ENTIRE AGREEMENT: This Policy embodies all agreements and understandings existing between the Insured and the Company or any of their respective agents relating to the insurance coverage provided by this Policy.

(3) SUBROGATION: In the event of any payment by the Company under this Policy, the Company shall be subrogated to all of the Insured's rights of recovery therefore against any person or entity, and the Insured shall execute and deliver to the Company such instruments, assignments, and papers as requested by the Company and do whatever is necessary to secure such rights and effectuate the Company's exercise of such rights. The Insured shall do nothing to prejudice or waive such rights.

(4) ASSIGNMENT: An assignment of any interest by the Insured under this Policy shall not bind the Company unless and until the Company's written consent is endorsed hereon. No liability of the Company shall exist under this Policy unless and until such agreement is accepted and the Policy is endorsed in writing as provided above.

(5) CHANGES IN THE POLICY: No waiver or change of the terms of this Policy shall be made except by endorsement issued to form part of this Policy and signed by the Company Entity.

(6) RECOVERIES: All amounts recovered by the Insured for which the Insured has received benefits under this Policy shall belong to the Company, and shall be paid to the Company by the Insured up to the total amount of benefits paid by the Company Entity. Such benefits shall include the payment of Loss.

(7) OTHER INSURANCE: If the Insured has other insurance covering in whole or in part a Loss, the Company shall not be liable under this Policy for a greater proportion of such Loss than the proportion of the applicable limit of liability of this Policy which is

    comprised by the aggregate applicable limits of liability of such other insurance. In no event shall any such proportion of the Loss for which the Company is liable exceed One Hundred Percent (100%).

(8) GIVING OF NOTICE: All notices, notices of Claims, and surrender of this Policy shall be deemed to be given: (a) if to the Company, upon deposit in the U.S. mails, certified and postage prepaid, addressed to the Company's address shown in this Policy or addressed to the address of the Company's authorized representative, or (b) if to the Insured, upon deposit in the U.S. mails, certified and postage prepaid, addressed to the Insured's address shown in this Policy. The Company or the Insured may change any such address by making notice to the other as provided above. All notices required by this Policy must be in writing.

(9) NO BENEFIT TO THIRD PARTIES: Except as expressly provided by applicable law, the insurance afforded by this Policy is solely for the benefit of the Insured (or the Insured's assignee as provided in Section 1.4, above). In no circumstances shall any person or entity other than the Insured (or such assignee) have any rights or be entitled to any benefits under this Policy.

(10) HEADINGS: The headings used in this Policy are for convenience purposes only and shall not be used to interpret this Policy.

(11) NO AGENCY, ETC: The Insured is not an agent of the Company Entity and shall not at any time make any commitments, representations, or statements for or on behalf of the Company Entity.

IN WITNESS, WHEREOF, Virginia Surety Company, Inc. has caused this policy to be signed by its President and Secretary and countersigned by a duly authorized agent of the Company.

      Thomas W. Warsop                                       Barry Mittenthal

          President                                               Secretary

_____      _____
Date                                                     Countersigned
                                                                 (If required by law)

**VIRGINIA SURETY COMPANY, INC.**
**175 West Jackson Blvd.**
**Chicago, IL   60604**

**THIS ENDORSEMENT CHANGES THE POLICY, PLEASE READ IT CAREFULLY.**

Policy Number:   **10136**

Issued to:   **United Service Contract Group, LLC**

Effective Date of This Endorsement:   **January 1, 2017**

Authorized Signature:_____

It is agreed that the following revisions are made to the above captioned policy:

Section C. DEFINITIONS, Sub Section (5) DESIGNATED CONTRACT is amended to include only those contracts sold or issued on and after January 1, 2017, and includes only those contracts sold or issued in all states other than California, Florida, Louisiana, Missouri, New York, Oklahoma and Washington.

**VIRGINIA SURETY COMPANY, INC.**
   Thomas W. Warsop

   President

VSC-CL-USCG-END 01/17

**VIRGINIA SURETY COMPANY, INC.**
**175 West Jackson Blvd.**
**Chicago, Illinois  60604**

*-NEW JERSEY-*

**Amendatory Endorsement**

**THIS ENDORSEMENT CHANGES THE POLICY, PLEASE READ IT CAREFULLY.**

This endorsement is made part of the policy to which it is attached.  Except as noted herein, this endorsement is subject to all the provisions and limitations of the policy.  If there is a conflict between the policy and the endorsement, the terms of the endorsement will govern.

It is hereby agreed that the policy to which this endorsement is attached is amended as follows:

Form VSC-CL-1 (7/97), Section F., CANCELLATION, is deleted in its entirety and replaced with the following:

   **F.  CANCELLATION:**

Pursuant to New Jersey law, this Policy cannot be canceled for any underwriting reason or guideline which is arbitrary, capricious or unfairly discriminatory or without adequate prior notice to the Insured.  The underwriting reasons or guidelines that the Company can use to cancel this Policy are maintained by the Company in writing and will be furnished to the Insured and or the Insured's lawful representative upon written request.

This provision shall not apply to any Policy which has been in effect for less than sixty (60) days at the time notice of cancellation is mailed or delivered, unless the Policy is a renewal Policy.

(1) The Insured can cancel this Policy at any time by written notice to the Company but the effective date of cancellation shall not be before the date such cancellation notice is delivered to the Company.

(2) If the Policy has been in effect for less than sixty (60) days, the Company may cancel this Policy by mailing or delivering to the Insured and any person entitled to notice under this Policy written notice of cancellation at least ten (10) days before the effective date of cancellation if the cancellation is due to nonpayment of premium, or thirty (30) days before the effective date of cancellation if cancellation is for any other reason.

If the Policy has been in effect for more than sixty (60) days, the Company may cancel this Policy only for one or more of the following reasons:

* Nonpayment of premium;
* Material misrepresentation or nondisclosure to the Company of a material fact at the time of acceptance of the risk;
* Increased hazard or material change in the risk assumed which the Company could not have reasonably contemplated at the time of assumption of the risk;
* Substantial breaches of contractual duties, conditions or warranties that materially affect the nature and or insurability of the risk;
* Lack of cooperation from the Insured on loss control matters materially affecting insurability of the risk;
* Fraudulent acts against the Company by the Insured or its representative that materially affect the nature of the risk insured;
* Loss or reduction in available insurance capacity;
* Material increase in exposure arising out of changes in statutory or case law subsequent to the issuance of the insurance contract or any subsequent renewal;
* Loss of or substantial changes in applicable reinsurance;

If the Company cancels this Policy based on nonpayment of premium, the Company will mail a written notice, stating the reason for cancellation, to the Insured and any person entitled to notice under this Policy, at least ten (10) days before the effective date of cancellation.  If canceled for nonpayment of premium, the notice will state the effect of nonpayment by the due date.  Cancellation for nonpayment of premium will not be effective if payment of the amount due is made before the effective date set forth in the notice.  If the Policy is canceled for any other reason listed above, the Company will mail written notice stating the reason for cancellation to the Insured and any other person entitled to notice under this Policy, not more than one-hundred-twenty (120) days nor less than thirty (30) days before the effective date of such cancellation.

Notice will be sent to the last mailing address known by the Company, by:

* Certified Mail; or
* First class mail, if the Company has obtained from the post office a date stamped proof of mailing showing names and addresses.

The Company need not sent notice of cancellation if the Insured has:

* Replaced coverage elsewhere; or
* Specifically requested termination.

Form VSC-CL-1 (7/97), Section G., NONRENEWAL and RENEWAL is deleted in its entirety and replaced with the following:

**G.  NONRENEWAL and RENEWAL:**

The Company may elect not to renew this Policy for any reason permitted to cancel it.  If the Company elects not to renew this Policy, notice of nonrenewal will be mailed stating the

reasons for nonrenewal, to the Insured at least thirty (30) days but not more than one-hundred-twenty (120) days before the expiration date of this Policy.

Notice of nonrenewal will be sent to the Insured at the last mailing address known to the Company by:

* Certified mail; or
* First class mail, if the Company has obtained from the post office a date stamped proof of mailing showing the Insured's name and address.

The Company need not mail or deliver notice if the Insured has:

* Replaced coverage elsewhere; or
* Specifically requested termination.

*All other terms and conditions remain unchanged.*

---

**VIRGINIA SURETY COMPANY, INC.**

      Thomas W. Warsop

      President