# EXHIBIT H

## UNCONDITIONAL GUARANTY AGREEMENT

This UNCONDITIONAL GUARANTY AGREEMENT (the "Guaranty"), dated as of the 27th day of February, 2019 (the "Effective Date"), is given by Craig Rubino (the "Guarantor") for the benefit of SING for Service, LLC d/b/a "Mepco," a Delaware limited liability company.

### Background

A. United Service Contract Group, LLC, a New Jersey limited liability company ("USCG LLC"), United Service Contract Group of Florida, Inc., a Florida corporation ("USCG Inc." and, together with USCG LLC, the "USCG Entities"), and Advanced Marketing and Processing, Inc., a Florida corporation ("AMP", and together with the USCG Entities, the "Obligors", each also referred to herein as an "Obligor") are parties with Mepco to that certain Settlement and Release Agreement ("Settlement Agreement") of even date herewith.

B. Guarantor is executing this Guaranty in order to guaranty the full and prompt payment and performance of certain obligations to Mepco pursuant to the Settlement Agreement, on the terms set forth below.

### Agreement

For good and valuable consideration, the receipt and sufficiency of which is acknowledged by Guarantor, Guarantor agrees with and covenant to Mepco as follows:

1. Guarantor agrees to and acknowledges the matters set forth in the foregoing Background section.

2. Guarantor absolutely, unconditionally, and irrevocably guarantees to Mepco the full and prompt payment of the Claimed Liability and Potential Liabilities, as those terms are defined in the Settlement Agreement, together with any and all costs and expenses (including reasonable attorneys' fees) incurred by Mepco in the collection or enforcement of any of the foregoing (collectively, the "Obligations").  Without limiting the generality of the foregoing, upon demand by Mepco, Guarantor agrees to pay to Mepco any amount not timely paid to Mepco pursuant to the Settlement Agreement.  Mepco's records showing all or any portion of the Obligations due and payable to Mepco shall be admissible as evidence in any action or proceeding involving this Guaranty, and such records shall be prima facie proof of such amounts.  Guarantor hereby reaffirms that this Guaranty is a guaranty of payment and not of collection, is continuing in nature and applies to all Obligations, whether existing now or in the future.

3. The duties and obligations of Guarantor under this Guaranty are joint and several with any other guarantor or obligor of all or any portion of the Obligations.  Mepco may release, settle, or compromise with any one or more other such guarantors or obligors at any time without affecting the continuing liability of Guarantor under this Guaranty.  Guarantor agrees that his obligations under this Guaranty shall be satisfied only by the full payment and satisfaction of all Obligations.

4. The Guarantor waives notice of acceptance of this Guaranty and demand, presentment for payment, and any and all notices of protest, default, nonpayment, or dishonor of all or any portion of the Obligations and of any instrument, agreement, or other document evidencing any of the Obligations. No extension of time or other indulgence granted by Mepco to any person that has guaranteed all or any portion of the Obligations shall release or affect the obligations of the Guarantor under this Guaranty, and no omission or delay on Mepco's part in exercising any right

1

hereunder or in taking any action to enforce, collect or recover payment with regard to any of the Obligations will be a waiver of any such right or release or affect the obligations of the Guarantor under this Guaranty.

5.  The obligations of the Guarantor under this Guaranty (i) are independent of the obligations of any other guarantor or other person (including without limitation, the Obligors), and (ii) are primary and unconditional obligations that shall be enforceable before or after proceeding against any other guarantor or other person (including without limitation, the Obligors), or any security held by Mepco, and shall be effective regardless of the solvency or insolvency of any other guarantor or the termination of any other guaranty by any other guarantor. The rights and remedies of Mepco under this Guaranty are cumulative and may be exercised singularly or concurrently, and the exercise of one or more of them shall not be a waiver of any other. The Guarantor agrees that Mepco may, without notice to or consent of the Guarantor, release any collateral securing all or any portion of the Obligations without diminishing the obligations of the Guarantor. The Guarantor agrees that Mepco does not have any duty to: marshal security, sue, or otherwise attempt to collect from any other party; initiate proceedings against any collateral securing all or any portion of the Obligations or any other property; or take any other action of any kind prior to demanding payment from the Guarantor. Guarantor waives (a) the benefit of any statute of limitations affecting Guarantor's liability pursuant to this Guaranty, and (b) to the fullest extent allowed by law, any and all other exoneration and other defenses given to sureties or guarantors at law or in equity, other than the actual payment and performance of the Obligations.

6.  Guarantor hereby consents and agrees that Mepco may at any time and from time to time without further consent from Guarantor do any of the following, and the liability of Guarantor under this Guaranty will be unconditional and absolute and will in no way be impaired or limited by any of the following events, whether occurring with or without notice to Guarantor or with or without consideration: (i) any extensions of time for payment or performance required by the Settlement Agreement or otherwise granted by Mepco; (ii) any change in the composition of any Obligor, including, without limitation, the withdrawal or removal of any Guarantor from any current or future position of ownership, management or control of any such Obligor; (iii) the modification of the terms of the Settlement Agreement or any of the other Obligations; or (vi) the taking or failure to take any action of any type whatsoever. No such action that Mepco takes or fails to take in connection with any of the Obligations, nor any course or dealing with any Obligor, will limit, impair or release Guarantor from his obligations hereunder, affect this Guaranty in any way or afford Guarantor any recourse against Mepco.

7.  Guarantor represents and warrants to Mepco that Guarantor is not insolvent and that Guarantor's execution hereof does not render Guarantor insolvent.

8.  Any obligations of any Obligor to Guarantor, now or hereafter existing, are hereby subordinated to the Obligations. Guarantor agrees that he will not demand, take, or receive from any Obligors, by setoff or in any other manner, payment of any other obligations of Obligors to Guarantor until the Obligations have been paid and satisfied in full. If any payments are received by Guarantor in violation of such waiver or agreement, such payments will be received by Guarantor as trustee for Mepco and will be paid over to Mepco on account of the Obligations, but without reducing or affecting in any manner the liability of Guarantor under the other provisions of this Guaranty. Any security interest, lien, or other encumbrance that Guarantor may now or hereafter have on any property of any Obligor is hereby subordinated to any security interest, lien, or other encumbrance that Mepco may have on any such property.

9.  All liabilities of Guarantor under this Guaranty shall, to the extent permitted by law,

mature immediately upon the occurrence of any of the following events: any default under the Settlement Agreement or this Guaranty; the filing by the USCG Entities, AMP, or Guarantor of a voluntary petition in bankruptcy; the entry of an order of relief with respect the USCG Entities, AMP, or Guarantor by a United States Bankruptcy Court; the filing of an involuntary petition in bankruptcy against the USCG Entities, AMP, or Guarantor; the assignment by the USCG Entities, AMP, or Guarantor for the benefit of its creditors; the entry by the USCG Entities, AMP, or Guarantor into an agreement of composition with their creditors; the institution by or against any Obligor or Guarantor of any other type of insolvency proceeding (under the Federal Bankruptcy Code or otherwise); the dissolution or liquidation of the USCG Entities or AMP; the USCG Entities or AMP substantially ceasing to operate their business; or the death or permanent disability of Guarantor.

10. This Guaranty shall be governed by and construed and interpreted in accordance with the laws of the State of New York, excluding its choice of law provisions. In the event any provision hereof is in conflict with any statute or rule of law in the State of New York or is otherwise unenforceable for any reason whatsoever, then such provision shall be deemed severable from, or enforceable to the maximum extent permitted by law, as the case may be, and the same shall not invalidate any other provisions hereof, it being the intent of the Guarantor that he is, to the maximum extent permitted by law, fully and unconditionally guaranteeing all Obligations. Guarantor agrees that state and/or federal courts located in the state of New York, Borough of Manhattan, City of New York, New York, shall have personal and subject matter jurisdiction over any and all actions or disputes concerning this Guaranty. Guarantor hereby agrees to pay any and all of Mepco's costs and expenses, including attorneys' fees, incurred by Mepco in enforcing this Guaranty, including without limitation, those incurred in connection with Mepco's institution of any legal proceedings to enforce this Guaranty.

11. In the event all or any portion of the Obligations are assigned by Mepco, this Guaranty will inure to the benefit of such assignee to the extent of such assignment; provided, however, that such assignment shall not operate to relieve the Guarantor from any obligation to Mepco hereunder with respect to any unassigned Obligations and, further, that the rights of any assignee will be subordinate to the rights of Mepco under this Guaranty as to any unassigned Obligations.

12. Guarantor acknowledges he has received adequate and sufficient consideration for their execution of this Guaranty, including Mepco's willingness to enter into the Settlement Agreement, and Guarantor agrees not to assert lack of consideration as a defense to any action to enforce this Guaranty. It is the express intent of Guarantor that his obligations under this Guaranty are and shall be unlimited, continuing, absolute, and unconditional.

This Unconditional Guaranty Agreement is executed as of the date set forth above.

*Craig Rubino*
Craig Rubino