UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x

SING FOR SERVICE, LLC, d/b/a MEPCO,

        Plaintiff,

                                              Case No. 20-cv-08458 (JSR)

        v.

UNITED SERVICE CONTRACT GROUP,
LLC, et al.,

        Defendants.


-----------------------------------------------------------x

## ANSWER OF DEFENDANTS UNITED SERVICE CONTRACT GROUP, LLC, UNITED SERVICE CONTRACT GROUP OF FLORIDA, INC., AND CRAIG RUBINO

Defendants United Service Contract Group, LLC, d/b/a Protect My Car and PMC, United Service Contract Group of Florida, Inc., ("USCG Defendants") and Craig Rubino (collectively, "Defendants"), through the undersigned counsel, file this Answer to the Complaint of Plaintiff Sing for Service, LLC, d/b/a Mepco ("Plaintiff" or "Mepco"), dated October 13, 2020 (the "Complaint"). To the extent there is any ambiguity in this Answer, any allegation in the Complaint not specifically admitted below is hereby expressly denied.

### INTRODUCTION

1.      Defendants deny the allegations in Paragraph 1 of the Complaint, except admit that the USCG Defendants were engaged in Administrator Agreements with Plaintiff, the USCG Defendants entered into a Settlement Agreement with Plaintiff and that Defendants Craig Rubino and Joseph Rubino entered into certain guaranty agreements with Plaintiff.

2.      Defendants deny the allegations in Paragraph 2 of the Complaint.

3.      Defendants aver that the allegations in Paragraph 3 of the Complaint do not pertain to Defendants.  Defendants deny knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 3 of the Complaint.

4.      Defendants deny the allegations in Paragraph 4 of the Complaint, except Defendants deny knowledge or information sufficient to form a belief as to the motivations of Plaintiff in bringing this action.

## PARTIES

5.      Defendants lack knowledge or information sufficient to form a belief as to the allegations in Paragraph 5.

6.      Defendants admit the allegation in Paragraph 6 of the Complaint.

7.      Defendants admit the allegation in Paragraph 7 of the Complaint.

8.      Defendants admit the allegation in Paragraph 8 of the Complaint.

9.      Defendants admit the allegation in Paragraph 9 of the Complaint.

10.     Defendants lack knowledge or information sufficient to form a belief as to the allegations in Paragraph 10 of the Complaint.

## JURISDICTION AND VENUE

11.     The allegations set forth in Paragraph 11 of the Complaint constitute legal conclusions to which no response is required and are therefore denied.  To the extent a response is required, Defendants lack knowledge or information sufficient to form a belief as to the allegations in Paragraph 11 of the Complaint.

12.     The allegations set forth in Paragraph 12 of the Complaint constitute legal conclusions to which no response is required and are therefore denied.  To the extent a response is

required, Defendants lack knowledge or information sufficient to form a belief as to the allegations in Paragraph 12 of the Complaint.

13. The allegations set forth in Paragraph 13 of the Complaint constitute legal conclusions to which no response is required and are therefore denied. To the extent a response is required, Defendants admit that a copy of the Settlement Agreement is attached as Exhibit A to the Complaint and refer the Court to the contents thereof.

## FACTUAL BACKGROUND

14. Defendants lack knowledge or information sufficient to form a belief as to the allegations in the first sentence of Paragraph 14 of the Complaint. Defendants admit the allegations in the second sentence of Paragraph 14 of the Complaint.

15. Defendants lack knowledge or information sufficient to form a belief as to the allegations in Paragraph 15 of the Complaint, except admit that certain companies enter into and/or market and sell service contracts.

16. Defendants deny the allegations in Paragraph 16 of the Complaint, except admit that USCG administers service contracts.

17. Defendants admit the allegations in Paragraph 17 of the Complaint.

18. The allegations set forth in Paragraph 18 of the Complaint constitute legal conclusions to which no response is required and are therefore denied. To the extent a response is required, Defendants admit that a copy of the Administrator Agreement is attached as Exhibit B to the Complaint and refer the Court to the contents thereof.

19. The allegations set forth in Paragraph 19 of the Complaint constitute legal conclusions to which no response is required and are therefore denied. To the extent a response is required, Defendants admit that a copy of the Administrator Agreement is attached as Exhibit B to the Complaint and refer the Court to the contents thereof.

20.     The allegations set forth in Paragraph 20 of the Complaint constitute legal conclusions to which no response is required and are therefore denied.  To the extent a response is required, Defendants admit that a copy of the Administrator Agreement is attached as Exhibit B to the Complaint and refer the Court to the contents thereof.

21.     The allegations set forth in Paragraph 21 of the Complaint constitute legal conclusions to which no response is required and are therefore denied.  To the extent a response is required, Defendants admit that a copy of the Administrator Agreement is attached as Exhibit B to the Complaint and refer the Court to the contents thereof.  To the extent the allegations in Paragraph 21 refer to contractual relationships between Plaintiff and parties other than Defendants, Defendants lack knowledge or information sufficient to form a belief as to the allegations in Paragraph 21 of the Complaint.

22.     The allegations set forth in Paragraph 22 of the Complaint constitute legal conclusions to which no response is required and are therefore denied.  To the extent a response is required, Defendants admit that a copy of the Administrator Agreement is attached as Exhibit B to the Complaint and refer the Court to the contents thereof.  To the extent the allegations in Paragraph 22 refer to contractual relationships between Plaintiff and parties other than Defendants, Defendants lack knowledge or information sufficient to form a belief as to the allegations in Paragraph 22 of the Complaint.

23.     The allegations set forth in Paragraph 23 of the Complaint constitute legal conclusions to which no response is required and are therefore denied, except Defendants admit that USCG enters into certain service agreements with purchasers who are entitled to certain refunds pursuant to the terms of those service agreements.

24.     The allegations set forth in Paragraph 24 of the Complaint constitute legal conclusions to which no response is required and are therefore denied.  To the extent a response is required, Defendants admit that a copy of the Administrator Agreement is attached as Exhibit B to the Complaint and refer the Court to the contents thereof.

25.     The allegations set forth in Paragraph 25 of the Complaint constitute legal conclusions to which no response is required and are therefore denied.  To the extent a response is required, Defendants admit that a copy of the Administrator Agreement is attached as Exhibit B to the Complaint and refer the Court to the contents thereof.  To the extent the allegations in Paragraph 25 refer to contractual relationships between Plaintiff and parties other than Defendants, Defendants lack knowledge or information sufficient to form a belief as to the allegations in Paragraph 25 of the Complaint.

26.     Defendants deny the allegations in Paragraph 26 of the Complaint.  Defendants further aver that the allegations set forth in Paragraph 26 of the Complaint constitute legal conclusions to which no response is required and are therefore denied.  To the extent a response is required, Defendants admit that a copy of the Administrator Agreement is attached as Exhibit B to the Complaint and refer the Court to the contents thereof.

27.     The allegations set forth in Paragraph 27 of the Complaint constitute legal conclusions to which no response is required and are therefore denied.  To the extent a response is required, Defendants admit that a copy of the Administrator Agreement is attached as Exhibit B to the Complaint and refer the Court to the contents thereof.  To the extent the allegations in Paragraph 27 refer to contractual relationships between Plaintiff and parties other than Defendants, Defendants lack knowledge or information sufficient to form a belief as to the allegations in Paragraph 27 of the Complaint.

28.     Defendants deny the allegations in Paragraph 28 of the Complaint, except admit that USCG purchases insurance for certain of its obligations under service contracts that it administers.

29.     The allegations set forth in Paragraph 29 of the Complaint constitute legal conclusions to which no response is required and are therefore denied.  To the extent a response is required, Defendants admit that a copy of the Administrator Agreement is attached as Exhibit B to the Complaint and refer the Court to the contents thereof.

30.     Defendants deny the allegations in Paragraph 30 of the Complaint, except admit that Defendant Virginia Surety insures certain of USCG's service contacts and that it issued Contractual Liability Policy No. 10136 (the "CLIP") to USCG.  Defendants further aver that the allegations set forth in Paragraph 30 of the Complaint constitute legal conclusions to which no response is required and are therefore denied.  To the extent a response is required, Defendants admit that a copy of the CLIP is attached as Exhibit C to the Complaint and refer the Court to the contents thereof.

31.     Defendants aver that the allegations in Paragraph 31 of the Complaint do not pertain to Defendants.  Defendants deny knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 31 of the Complaint.

32.     Defendants aver that the allegations in Paragraph 32 of the Complaint do not pertain to Defendants.  Defendants deny knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 32 of the Complaint.

33.     Defendants aver that the allegations in Paragraph 33 of the Complaint do not pertain to Defendants.  Defendants deny knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 33 of the Complaint.

34.     Defendants aver that the allegations in Paragraph 34 of the Complaint do not pertain to Defendants.  Defendants deny knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 34 of the Complaint.

35.     Defendants aver that the allegations in Paragraph 35 of the Complaint do not pertain to Defendants.  Defendants deny knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 35 of the Complaint.

36.     Defendants deny knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 36 of the Complaint, except admit that Mepco advanced funding and conducted business with USCG during the Summer and Fall of 2018.

37.     Defendants aver that the allegations in Paragraph 37 of the Complaint do not pertain to Defendants.  Defendants deny knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 37 of the Complaint.

38.     Defendants aver that the allegations in Paragraph 38 of the Complaint do not pertain to Defendants.  Defendants deny knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 38 of the Complaint.

39.     Defendants deny the allegations in Paragraph 39 of the Complaint.

40.     Defendants deny the allegations in Paragraph 40 of the Complaint.

41.     Defendants deny the allegations in Paragraph 41 of the Complaint.

42.     Defendants deny the allegations in Paragraph 42 of the Complaint, except admit that Mepco, USCG and the Rubinos, who have had an ownership interest in USCG, entered into the Settlement Agreement with an effective date of February 27, 2019, and admit that the Settlement Agreement is attached to the Complaint as Exhibit A.

43.     The allegations set forth in Paragraph 43 of the Complaint constitute legal conclusions to which no response is required and are therefore denied.  To the extent a response is required, Defendants admit that a copy of the Settlement Agreement is attached as Exhibit A to the Complaint and refer the Court to the contents thereof.

44.     The allegations set forth in Paragraph 44 of the Complaint constitute legal conclusions to which no response is required and are therefore denied.  To the extent a response is required, Defendants admit that a copy of the Settlement Agreement is attached as Exhibit A to the Complaint and refer the Court to the contents thereof.

45.     The allegations set forth in Paragraph 45 of the Complaint constitute legal conclusions to which no response is required and are therefore denied.  To the extent a response is required, Defendants admit that a copy of the Settlement Agreement is attached as Exhibit A to the Complaint and refer the Court to the contents thereof.

46.     Defendants deny the allegations in Paragraph 46 of the Complaint.

47.     The allegations set forth in Paragraph 47 of the Complaint constitute legal conclusions to which no response is required and are therefore denied.  To the extent a response is required, Defendants admit that a copy of the Settlement Agreement is attached as Exhibit A to the Complaint and refer the Court to the contents thereof.

48.     Defendants deny the allegations in Paragraph 48 of the Complaint.

49.     Defendants deny the allegations in Paragraph 49 of the Complaint except admit that Craig Rubino and Joseph Rubino entered into guaranty agreements with Plaintiff, copies of which are attached to the Complaint as Exhibits H and I, respectively.

50.     Defendants deny the allegations in Paragraph 50 of the Complaint.

51.     Defendants deny the allegations in Paragraph 51 of the Complaint.

52. Defendants aver that the allegations in Paragraph 52 of the Complaint do not pertain to Defendants. Defendants deny knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 52 of the Complaint.

## COUNT I: BREACH OF CONTRACT- SETTLEMENT AGREEMENT
## (AGAINST USCG)

53. Defendants incorporate their responses to Paragraphs 1 through 52 as if fully set forth herein.

54. The allegations set forth in Paragraph 54 of the Complaint constitute legal conclusions to which no response is required and are therefore denied. To the extent a response is required, Defendants admit that a copy of the Settlement Agreement is attached as Exhibit A to the Complaint and refer the Court to the contents thereof.

55. Defendants deny knowledge or information sufficient to form a belief as to the allegations in Paragraph 55 of the Complaint.

56. Defendants deny the allegations in Paragraph 56 of the Complaint.

57. Defendants deny the allegations in Paragraph 57 of the Complaint.

58. Defendants deny the allegations in Paragraph 58 of the Complaint.

## COUNT II: BREACH OF CONTRACT- ADMINISTRATOR AGREEMENT
## (AGAINST USCG)

59. Defendants incorporate their responses to Paragraphs 1 through 58 as if fully set forth herein.

60. The allegations set forth in Paragraph 60 of the Complaint constitute legal conclusions to which no response is required and are therefore denied. To the extent a response is

required, Defendants admit that a copy of the Administrator Agreement is attached as Exhibit B to the Complaint and refer the Court to the contents thereof.

61. Defendants deny the allegations in Paragraph 61 of the Complaint.

62. Defendants deny the allegations in Paragraph 62 of the Complaint.

63. Defendants deny the allegations in Paragraph 63 of the Complaint.

64. Defendants deny the allegations in Paragraph 64 of the Complaint.

**COUNT III: BREACH OF CONTRACT (AGAINST CRAIG RUBINO)**

65. Defendants incorporate their responses to Paragraphs 1 through 64 as if fully set forth herein.

66. The allegations set forth in Paragraph 66 of the Complaint constitute legal conclusions to which no response is required and are therefore denied. To the extent a response is required, Defendants admit that a copy of Craig Rubino's guaranty agreement is attached as Exhibit H to the Complaint and refer the Court to the contents thereof.

67. The allegations set forth in Paragraph 67 of the Complaint constitute legal conclusions to which no response is required and are therefore denied. To the extent a response is required, Defendants admit that a copy of Craig Rubino's guaranty agreement is attached as Exhibit H to the Complaint and refer the Court to the contents thereof.

68. Defendants deny the allegations in Paragraph 68 of the Complaint.

69. Defendants deny the allegations in Paragraph 69 of the Complaint.

**COUNT IV: BREACH OF CONTRACT (AGAINST JOSEPH RUBINO)**

70. Defendants incorporate their responses to Paragraphs 1 through 69 as if fully set forth herein.

71.     The allegations set forth in Paragraph 71 of the Complaint constitute legal conclusions to which no response is required and are therefore denied.  To the extent a response is required, Defendants admit that a copy of Joseph Rubino's guaranty agreement is attached as Exhibit I to the Complaint and refer the Court to the contents thereof.

72.     The allegations set forth in Paragraph 72 of the Complaint constitute legal conclusions to which no response is required and are therefore denied.  To the extent a response is required, Defendants admit that a copy of Joseph Rubino's guaranty agreement is attached as Exhibit I to the Complaint and refer the Court to the contents thereof.

73.     Defendants deny the allegations in Paragraph 73 of the Complaint.

74.     Defendants deny the allegations in Paragraph 74 of the Complaint.

**COUNT V: BREACH OF CONTRACT (AGAINST VIRGINIA SURETY)**

75.     Defendants incorporate their responses to Paragraphs 1 through 74 as if fully set forth herein.

76.     Defendants aver that the allegations in Paragraph 76 of the Complaint do not pertain to Defendants.  Defendants deny knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 76 of the Complaint.

77.     Defendants aver that the allegations in Paragraph 77 of the Complaint do not pertain to Defendants.  Defendants deny knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 77 of the Complaint.

78.     Defendants aver that the allegations in Paragraph 78 of the Complaint do not pertain to Defendants.  Defendants deny knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 78 of the Complaint.

79.     Defendants aver that the allegations in Paragraph 79 of the Complaint do not pertain to Defendants.  Defendants deny knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 79 of the Complaint.

## WHEREFORE

80.     This is a wherefore which does not require a response.  To the extent that a response is required, Defendants deny the specific relief requested.

## AFFIRMATIVE DEFENSES

81.     Without assuming any burdens it would not otherwise bear, Defendants assert the following affirmative defenses:

### FIRST AFFIRMATIVE DEFENSE

82.     Plaintiff is barred from recovery for its claims asserted against Defendants, in whole or in part, because Plaintiff has failed to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

83.     Defendants dispute the injuries, damages, and/or losses alleged by Plaintiff, including the nature, cause, extent, and amounts of same.

### THIRD AFFIRMATIVE DEFENSE

84.     Upon information and belief, Plaintiff has failed to mitigate its damages, if any.

### FOURTH AFFIRMATIVE DEFENSE

85.      Some or all of Plaintiff's claims or causes of action are barred by the applicable statute of limitations.

### FIFTH AFFIRMATIVE DEFENSE

86.     The claims asserted in the Complaint are barred, in whole or in part, by the doctrines of waiver, laches, unclean hands, mistake, and/or estoppel.

## SIXTH AFFIRMATIVE DEFENSE

87.     Defendants are entitled to receive contribution and/or indemnity from others for any liability they incur.

## SEVENTH AFFIRMATIVE DEFENSE

88.     Plaintiff's damages are limited, in whole or in part, by Plaintiff's failure to adhere to the Settlement Agreement, attached as Exhibit A to the Complaint.

## RESERVATION OF RIGHTS

Defendants expressly and specifically reserve the right to amend this Answer and Affirmative Defenses to add, delete, and/or modify defenses based upon orders issued by any Court, based upon legal theories, facts and circumstances that may or will be divulged through discovery and/or further legal analysis of the parties' positions in this litigation, in response to any amended complaint(s), and as otherwise permitted by this Court and applicable law.

## PRAYER FOR RELIEF

WHEREFORE, Defendants request that this Court enter a judgment as follows:

1. Dismissal of the Complaint with prejudice;

2. That Defendants be awarded their costs of suit including reasonable attorneys' fees; and

3. For such other and further relief as the Court deems just and proper.

Date: February 8, 2021

Respectfully submitted,

/s/ Edmund M. O'Toole_____
Edmund M. O'Toole
VENABLE LLP
1270 Avenue of the Americas
24th Floor
New York, New York 10020
Tel: (212) 953-3388
Fax: (212) 307-5598
emotoole@Venable.com

Gary R. Dunn
VENABLE LLP
1270 Avenue of the Americas
24th Floor
New York, New York 10020
Tel: (212) 503-9831
Fax: (212) 307-5598
GRDunn@venable.com

*Attorneys for Defendants United Service Contract Group, LLC, United Service Contract Group of Florida, Inc., and Craig Rubino*